United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RALPH S. BEREN, ED.D., | No. C-06-4706 MMC |
| Plaintiff, | **ORDER GRANTING ELK GROVE DEFENDANTS' MOTION TO DISMISS; GRANTING CSU DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, et al., | |
| Defendants | |

Before the Court are two motions: (1) a motion to dismiss plaintiff Ralph S. Beren's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed January 29, 2007 by defendants Elk Grove Unified School District ("EGUSD"), Kimi Kaneko ("K. Kaneko"), and Elizabeth Kaneko ("E. Kaneko") (collectively, "Elk Grove Defendants"); and (2) a motion to dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56, filed January 29, 2007 by defendants Board of Trustees of California State University ("Trustees"), California State University ("CSU"), Jacob Perea ("Perea"), and Nathan Avani ("Avani") (collectively, "CSU Defendants"). Plaintiff has filed a single opposition to both motions, to which CSU Defendants and Elk Grove Defendants have separately replied.

Having considered the papers filed in support of and in opposition to the motions,[1] the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for March 30, 2007, and rules as follows:

**A. Federal Claims**

The FAC contains three federal claims: (1) the First Cause of Action, alleging a claim under 42 U.S.C. § 1983, (2) the Third Cause of Action, alleging a claim under 42 U.S.C. § 1985, and (3) the Sixth Cause of Action, alleging a claim under 20 U.S.C. § 1681.

**1. Elk Grove Defendants**

For the reasons stated by the Elk Grove Defendants as set forth below, the Court finds each federal claim alleged against said defendants is subject to dismissal.

First, as plaintiff concedes, (see Pl.'s Opp. at 9:4-8), the First and Third Causes of Action are subject to dismissal, to the extent alleged against EGUSD and K. Kameko and E. Kameko in their respective official capacities, because California school districts and their employees acting in an official capacity are not "persons" within the meaning of §§ 1983 or 1985. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding state agency and employees sued in official capacity not "persons" under § 1983); Belanger v. Madera Unified Sch. Dist., 963 F. 2d 248, 253 (9th Cir. 1992) ("California public schools have long been treated as state agencies under California law.").

Second, plaintiff's First and Third Causes of Action are, to the extent alleged against K. Kameko and E. Kameko in their individual capacities, subject to dismissal, because plaintiff has failed to allege the federal civil right(s) of which he was assertedly deprived by such individuals.[2]  See Jones v. Community Redevelopment Agency, 733 F. 2d 646, 649

---

[1] Plaintiff's objection to the Declaration of Michael J. Martin, filed by CSU Defendants, is OVERRULED. First, although the manually-filed version thereof did not contain the sixth page of said declaration, the electronically-filed version served on plaintiff did contain the sixth page. Second, the Court discerns no conflict between the declarant's description of Exhibit H and the actual document attached to the declaration as Exhibit H.

[2] In his opposition, plaintiff states that ¶ 11 of the FAC identifies the federal right on which he bases his claims under §§ 1983 and 1985. The only federal right arguably identified therein, other than plaintiff's general reference to §§ 1983 and 1985, is the right provided plaintiff under § 1681. As discussed below, however, plaintiff has failed to state a

1  (9th Cir. 1984) (holding, to sufficiently allege federal civil rights claim, plaintiff must allege
2  facts to support finding that defendant's conduct "subjected the plaintiff to a deprivation of
3  [federal] rights"; noting "[c]onclusory allegations, unsupported by facts, will be rejected as
4  insufficient to state a claim under the Civil Rights Act").

5  Third, plaintiff's Sixth Cause of Action is subject to dismissal, because plaintiff has
6  failed to allege he was "subjected to discrimination" on the "basis of sex." See 20 U.S.C.
7  § 1681(a) (prohibiting discrimination on "basis of sex").[3]

### 2. CSU Defendants

9  In their moving papers, the CSU Defendants argue they are entitled to dismissal of
10 or summary judgment on each of plaintiff's federal claims on the ground that plaintiff's right
11 to a judicial forum has been waived under the provisions of a collective bargaining
12 agreement ("CBA"),[4] and, alternatively, that plaintiff's § 1681 claim is barred by plaintiff's
13 asserted failure to present a claim, pursuant to the California Tort Claims Act, before filing
14 the instant action. Neither of these arguments is persuasive.

15 First, the United States Supreme Court, in addressing an analogous issue under
16 Title VII, has held that a union, when entering into a CBA, may not "prospectively waive" its

---

claim under § 1681, and, consequently, to the extent plaintiff asserts that his §§ 1983 and 1985 claims are premised on a violation of § 1681, he has failed to state a claim.

[3] Plaintiff appears to allege that at least one basis for the alleged discrimination was his sexual orientation. (See, e.g., FAC ¶ 21.) Section 1681 does not, however, prohibit discrimination on the basis of sexual orientation, rather, only on the "basis of sex." See 20 U.S.C. § 1681(a). Although a § 1681 discrimination claim brought by a person who is gay or perceived to be gay can, under some circumstances, be considered a claim alleging discrimination on the "basis of sex," plaintiff does not allege such, or similar, circumstances. See, e.g., Kinman v. Omaha Public Sch. Dist., 94 F. 3d 463, 468 (8th Cir. 1996) (holding, in case involving unwanted sexual advances, female plaintiff alleged claim of discrimination on basis of sex, because female defendant "targeted [plaintiff] because she was a woman [and] directed no similar attentions toward male students"); see also Nichols v. Azteca Restaurant Enterprises, Inc., 256 F. 3d 864, 874-75 (9th Cir. 2001) (holding, for purposes of Title VII claim, "discrimination on the basis of sex stereotypes" constitutes discrimination on the basis of sex).

[4] The CBA provides for a two-level grievance procedure, followed by arbitration, with respect to "a claimed violation, misapplication, or misinterpretation of a specific term or provision of [the CBA]"; such procedures are the "sole and exclusive method for the resolution of disputes arising out of issues covered by [the CBA]." (See Martin Decl., filed January 30, 2007, Ex. A Art. 10.)

members' rights to a judicial forum for federal civil rights claims arising under that title. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 51-52 (1974). The CSU Defendants cite no authority, or even advance an argument, that the reasoning set forth in Alexander is inapplicable as to federal civil rights claims arising under §§ 1983, 1985 and 1681. Cf. Albertson's, Inc. v. United Food & Commercial Workers Union, 157 F. 3d 758, 760-61 (9th Cir. 1998) (holding, in reliance on Alexander, arbitration provision in CBA cannot bar union members from filing civil action arising under Fair Labor Standards Act, "regardless of whether those claims may also be covered by the grievance-arbitration procedure [in a CBA]"); see also McDonald v. City of West Branch, 466 U.S. 284, 288-92 (1984) (holding where arbitration award not judicially-reviewed, such award has no preclusive effect as to § 1983 claim, because arbitration "cannot provide an adequate substitute for a judicial proceeding in protecting the statutory and constitutional rights that § 1983 is designed to safeguard"). Moreover, even as to federal claims for which a union is entitled to prospectively waive a member's statutory right to a judicial forum, the waiver must be "clear and unmistakeable." See Wright v. Universal Maritime Service Corp., 525 U.S. 70, 77, 80 (1998) (finding it unnecessary to determine whether union can prospectively waive member's right to judicial forum for ADA claim, where CBA did not include "clear and unmistakeable" language requiring mandatory arbitration of ADA claim). The CSU Defendants fail to point to any language in the CBA that constitutes a "clear and unmistakeable" waiver of the right to a judicial forum for federal civil rights claims, and none is apparent from the language of the CBA.

Second, the CSU Defendants' reliance on the California Tort Claims Act is misplaced. As the Ninth Circuit has made clear, "a plaintiff seeking in federal court to vindicate a federally created right cannot be made to jump through the procedural hoops for tort-type cases that may have commended themselves to the legislative assemblies of the several states." See Sethy v. Alameda County Water Dist., 545 F. 2d 1157, 1162 (9th Cir. 1976) (holding federal civil rights claims do not fall within scope of California Tort Claims Act).

4

1  Accordingly, the CSU Defendants are not entitled to dismissal of or summary
2 judgment on plaintiff's federal claims either by reason of the arbitration provision in the CBA
3 or plaintiff's asserted failure to present a tort claim before filing the instant action.
4  In their reply, the CSU Defendants, for the first time, advance the same legal
5 arguments made by the Elk Grove Defendants in support of their motion for dismissal of
6 plaintiff's federal claims, specifically, that (1) CSU, a state agency, and the Trustees, Perea,
7 and Avani when acting in their respective official capacities are not "persons" for purposes
8 of §§ 1983 and 1985, (2) plaintiff has not alleged the federal right(s) implicated by his
9 §§ 1983 and 1985 claims, and (3) plaintiff has not alleged discrimination on the basis of sex
10 for purposes of § 1681.  Although the Court ordinarily would not consider legal arguments
11 raised for the first time in a reply, at least without affording the opposing party an
12 opportunity to file a surreply, in this instance plaintiff has had the opportunity to, and did,
13 respond to such legal arguments in his opposition, given that such legal arguments were
14 raised by the Elk Grove Defendants in their moving papers.  Further, with respect to such
15 legal arguments, the CSU Defendants are identically situated to the Elk Grove Defendants.
16  Accordingly, for the reasons set forth above with respect to the Elk Grove
17 Defendants, the CSU Defendants are entitled to dismissal of the First, Third, and Sixth
18 Causes of Action.

**B. State Law Claims**

20  The FAC contains 12 claims arising under state law.  Because the Court's
21 jurisdiction over such claims is supplemental in nature, the Court declines to exercise
22 jurisdiction over such claims at the present time.  See 28 U.S.C. § 1367(c)(3) (providing
23 district court has discretion to decline to exercise supplemental jurisdiction where "district
24 court has dismissed all claims over which it has original jurisdiction").  Consequently, the
25 Court does not consider herein defendants' arguments with respect to such claims.
26  Accordingly, plaintiff's state law claims will be dismissed, without prejudice to

plaintiff's re-alleging such claims in any further amended pleading.[5]

**CONCLUSION**

For the reasons stated above, the Elk Grove Defendants' motion to dismiss is hereby GRANTED, and the CSU Defendants' motion to dismiss or, alternatively, for summary judgment are hereby GRANTED, and the First Amended Complaint is hereby DISMISSED, as follows:

1. Plaintiff's First and Third Causes of Action are hereby DISMISSED, without leave to amend as to EGUSD, CSU, and all individual defendants in their official capacities.

2. Plaintiff's First and Third Causes of Action are hereby DISMISSED with leave to amend as to all individual defendants in their individual capacities.

3. Plaintiff's Sixth Cause of Action is hereby DISMISSED, with leave to amend.

4. Plaintiff's state law claims are hereby DISMISSED, with leave to amend.

5. Any Second Amended Complaint shall be filed no later than April 16, 2007.

**IT IS SO ORDERED.**

Dated: March 27, 2007

MAXINE M. CHESNEY
United States District Judge

---

[5] In his opposition, plaintiff concedes that certain of his state law claims should be dismissed, (see Pl.'s Opp. at 16-17), and, consequently, plaintiff should not re-allege such claims in an amended pleading, at least without curing the conceded deficiencies.