**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RALPH S. BEREN, ED.D.,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants<br>_____/ | No. C-06-4706 MMC<br><br>**ORDER GRANTING ELK GROVE DEFENDANTS' MOTION TO DISMISS; GRANTING CSU DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT; DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

    Before the Court are two motions: (1) the motion to dismiss plaintiff Ralph S. Beren's Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed April 30, 2007, by defendants Elk Grove Unified School District ("EGUSD") and Elizabeth Kaneko ("Kaneko") (collectively, "Elk Grove Defendants"); and (2) the motion to dismiss the SAC pursuant to Rules 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56, filed April 30, 2007, by defendants Board of Trustees of California State University ("Trustees"), California State University ("CSU") and Nathan Avani ("Avani") (collectively, "CSU Defendants"). Plaintiff has filed a single opposition to both motions, to which the Elk Grove Defendants and CSU Defendants have separately replied. Having considered the papers filed in support of and in opposition to the motions, the Court deems the matter suitable for decision on the papers, VACATES the

hearing scheduled for June 15, 2007, and rules as follows:

    1. Plaintiff's First Cause of Action, alleging a claim under 42 U.S.C. § 1983, is subject to dismissal, with leave to amend. As defendants point out, plaintiff fails to allege sufficient facts to support a finding that Kaneko and/or Avani deprived plaintiff of any specific federal right. Plaintiff's reliance on ¶¶ 11, 12, 43, and 44 of the SAC, (see Pl.'s Opp., filed May 25, 2007, at 5:8-24), is misplaced. Although the paragraphs on which plaintiff relies identify federal constitutional provisions, i.e., the "First Amendment Rights to Freedom of Speech and Petition," (see SAC ¶ 11), and federal statutes, i.e., "20 United States Code 794 et seq.," (see SAC ¶ 12), said paragraphs consist entirely of legal conclusions that Kaneko and Avani deprived plaintiff of the federal rights identified therein.[1] Such conclusory allegations are insufficient to plead a claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (holding Rule 8(a)(2)'s requirement that plaintiff allege "grounds upon which [his claim] rests" requires plaintiff to plead "more than labels and conclusions").[2]

    2. Plaintiff's Second Cause of Action, alleging a claim under California Civil Code § 52.1, is subject to dismissal in light of plaintiff's having failed to allege that he filed a government claim with CSU and/or EGUSD before instituting the present action. See Watson v. State of California, 21 Cal. App. 4th 836, 843 (1993) ("It is well settled that a government claim must be filed with the public entity before a tort action is brought against

---

[1] Although plaintiff, in support of his argument that he has properly pleaded a claim under § 1983, does not rely on other paragraphs in the SAC, the Court has considered whether other paragraphs provide notice of the factual basis for the § 1983 claim. No such paragraphs exist. For example, with respect to the claim that plaintiff was deprived of due process, the SAC does not allege that Avani's decision to demote plaintiff occurred without plaintiff's having been provided a hearing. Further, in light of plaintiff's allegation that the terms of his employment were no longer covered by a collective bargaining agreement at the time he was demoted, (see SAC ¶ 37), the factual basis of plaintiff's allegation that he had any right to continued employment is not provided.

[2] Defendants argue that plaintiff should not be afforded leave to amend because the Court has previously afforded plaintiff such opportunity. The Supreme Court's decision in Bell Atlantic, which clarified Rule 8(a)(2), was issued after plaintiff filed the SAC. Accordingly, the Court will afford plaintiff one further opportunity to amend in order to provide defendants with sufficient notice of the factual basis for his federal claims, under the standard set forth in Bell Atlantic.

2

1  the public entity or public employee."); see also Ortega v. O'Connor, 764 F. 2d 703, 707
2  (9th Cir. 1985) (holding failure to file government claim is bar to maintaining state law claim
3  against public entity and its employees), rev'd in part on other grounds, 480 U.S. 709
4  (1987).  Because plaintiff does not assert he filed a government claim, the Second Cause
5  of Action will be dismissed without further leave to amend.

6      3.  Plaintiff's Third Cause of Action, alleging a claim under 42 U.S.C. § 1985, is
7  subject to dismissal, with leave to amend.  For the reasons stated above with respect to the
8  First Cause of Action, plaintiff has not alleged sufficient facts to give notice of the basis of
9  his claim that Kaneko and/or Avani deprived plaintiff of any federal right.

10      4.  Plaintiff's Fourth Cause of Action, alleging a claim under 29 U.S.C. § 794, is
11  subject to dismissal, with leave to amend as against CSU and EGUSD.[3]  As defendants
12  point out, plaintiff does not allege any factual basis for the legal conclusion that he is
13  disabled, specifically, plaintiff fails to allege any facts to support a finding that he has a
14  "physical or mental impairment that substantially limits one or more of the major life
15  activities."  See Walton v. U.S. Marshals Service, 476 F. 3d 723, 727 (9th Cir. 2007)
16  (setting forth definition of "disability" for purposes of § 794).  Further, with respect to
17  EGUSD, plaintiff fails to allege any facts providing notice of the basis for his allegation that
18  EGUSD was plaintiff's employer.  (Cf. SAC ¶ 10 (alleging plaintiff had employment contract
19  with CSU).)

20      5.  Plaintiff's Fifth Cause of Action, alleging a claim for "discrimination and retaliation"
21  under California Government Code § 12900, (see SAC at 20:3-5), is subject to dismissal
22  without leave to amend, because, for the reasons stated by defendants, plaintiff has failed
23  to exhaust his administrative remedies.

24  //
25  //
26  //

---

28  [3]Plaintiff concedes he cannot maintain a claim under § 794 against the individual defendants.  (See Pl.'s Opp. at 8:3-5.)

3

6. Plaintiff's Sixth Cause of Action, alleging a claim for "discrimination and retaliation" under "common law," is subject to dismissal without leave to amend, because plaintiff has failed to allege he filed a government claim.[4]

7. Plaintiff's Seventh Cause of Action, alleging a claim under California Civil Code § 1712 and "common law" for "intentionally causing injury," (see SAC at 24:3-5), is subject to dismissal without leave to amend because plaintiff has failed to allege he filed a government claim.

8. Plaintiff's Eighth Cause of Action, alleging a claim under California Business & Professions Code § 17200, is subject to dismissal without leave to amend because plaintiff has failed to allege he filed a government claim.

## CONCLUSION

For the reasons stated above, the Elk Grove Defendants' motion to dismiss is hereby GRANTED, the CSU Defendants' motion to dismiss or, alternatively, for summary judgment is hereby GRANTED, and the Second Amended Complaint is hereby DISMISSED, as follows:

1. Plaintiff's First and Third Causes of Action are DISMISSED, with leave to amend.

2. Plaintiff's Fourth Cause of Action is DISMISSED, with leave to amend as to defendants CSU and EGUSD and without leave to amend as to defendants Kaneko and Avani.

3. Plaintiff's Second, Fifth, Sixth, Seventh, and Eighth Causes of Action are DISMISSED without leave to amend.

4. Plaintiff's Third Amended Complaint, if any, shall be filed no later than June 29, 2007. Leave to amend is provided solely to afford plaintiff leave to set forth the factual basis for the legal claims set forth in the First, Third, and Fourth Causes of Action. If plaintiff seeks to amend for any other purpose, plaintiff must file a motion to amend,

---

[4] To the extent the Sixth Cause of Action appears to allege a claim for discrimination and retaliation under § 12900, it is wholly duplicative of the Fifth Cause of Action and, consequently, is subject to dismissal without leave to amend, for failure to exhaust administrative remedies.

4

pursuant to Rule 15(a).

**IT IS SO ORDERED.**

Dated: June 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge