IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RALPH S. BEREN, ED.D., | No. C-06-4706 MMC |
| Plaintiff, | **ORDER DENYING LETTER REQUEST FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, et al., | |
| Defendants / | |

By order filed June 11, 2007, the Court dismissed each of the eight causes of action alleged in plaintiff's Second Amended Complaint, and afforded plaintiff leave to file, no later than June 29, 2007, a Third Amended Complaint ("TAC"). In so doing, the Court stated as follows: "Leave to amend is provided solely to afford plaintiff leave to set forth the factual basis for the legal claims set forth in the First, Third, and Fourth Causes of Action. If plaintiff seeks to amend for any other purpose, plaintiff must file a motion to amend, pursuant to Rule 15(a)." (See Order, filed June 11, 2007, at 4:23 - 5:1.)

The Court is in receipt of a letter, filed June 25, 2007, in which plaintiff requests a two-week extension of time to file a TAC, for the stated reason plaintiff is "waiting for an amended Right to Sue Letter from DFEH," which he expects to receive in the next two weeks; plaintiff states he "would like to include the filing and the grant of the amended right

to sue in the new Complaint."[1]  Defendants Board of Trustees of California State University and Nathan Avani have filed opposition to plaintiff's request.

As defendants point out, the reason given for plaintiff's request for an extension of time has no relation to the First, Third, and Fourth Causes of Action, each of which is a federal claim for which no exhaustion is required.  An amendment stating that plaintiff has exhausted his administrative remedies would pertain solely to one or more of plaintiff's state law claims, and the Court did not afford plaintiff leave to amend any of his state law claims.[2]

Accordingly, plaintiff's letter request for an extension of time to file a TAC is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 28, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court ordinarily does not act on letter requests.  Counsel shall submit any future requests for relief by motion filed in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this district.  See, e.g., Civil L.R. 6–3 (providing party may file "motion to change time").

[2] As noted, the Court stated plaintiff must file a motion for leave to amend if he sought to amend for any reason other than to set forth the factual basis for his federal claims.  In that respect, defendants argue, an amendment alleging exhaustion of state administrative remedies in 2007 would be futile because the conduct at issue occurred in 2005.  See Cal. Gov't Code § 12960(d) (providing, subject to specified exceptions, administrative claim must be filed within one year of "alleged unlawful practice").  If plaintiff files a motion seeking leave to amend to allege he has exhausted his state administrative remedies, plaintiff must, inter alia, set forth why such amendment would not be futile in light of § 12960(d).

2