**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DR. RALPH S. BEREN, ED.D.,                    No. C-06-4706 MMC

12          Plaintiff,                            **ORDER GRANTING ELK GROVE
                                                  DEFENDANTS' MOTION TO DISMISS;**
13  v.                                            **GRANTING IN PART AND DENYING IN
                                                  PART CSU DEFENDANTS' MOTION TO**
14  BOARD OF TRUSTEES OF CALIFORNIA               **DISMISS OR, ALTERNATIVELY, FOR**
    STATE UNIVERSITY, et al.,                     **SUMMARY JUDGMENT; VACATING**
15                                                **HEARING**
            Defendants
16                                            /

17

18          Before the Court are two motions: (1) the motion to dismiss plaintiff Ralph S. Beren's

19  Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20  Procedure, filed July 16, 2007, by defendants Elk Grove Unified School District ("EGUSD")

21  and Elizabeth Kaneko ("Kaneko") (collectively, "Elk Grove Defendants"); and (2) the motion

22  to dismiss the TAC pursuant to Rules 12(b)(1) and 12(b)(6), or, in the alternative, for

23  summary judgment pursuant to Rule 56, filed July 16, 2007, by defendants Board of

24  Trustees of California State University ("Trustees"), California State University ("CSU") and

25  Nathan Avani ("Avani") (collectively, "CSU Defendants").  Plaintiff has filed a single

26  opposition to both motions, to which the Elk Grove Defendants and CSU Defendants have

27  separately replied.  Having considered the parties' submissions filed in support of and in

28  opposition to the motions, the Court deems the matter suitable for decision on the papers,

1  VACATES the hearing scheduled for August 24, 2007, and rules as follows:

2  **1.  First Cause of Action (42 U.S.C. § 1983)**

3  a.  For the reasons stated by defendants, the First Cause of Action is subject

4  to dismissal to the extent it is based on a claim that plaintiff was deprived of his First

5  Amendment rights.  Specifically, the speech in question, plaintiff's having requested a

6  hearing to review negative evaluations made by students and/or Kaneko, is not speech

7  protected by the First Amendment.  See McKinley v. City of Eloy, 705 F. 2d 1110, 1115

8  (9th Cir. 1983) (holding "speech by public employees may be characterized as not of 'public

9  concern' when it is clear that such speech deals with individual grievances").

10  b.  For the reasons stated by defendants, the First Cause of Action is subject

11  to dismissal to the extent it is based on a claim that plaintiff was deprived of equal

12  protection. Specifically, plaintiff cannot proceed under the theory he was discriminated

13  against on account of his disability.  See Engquist v. Oregon Dep't of Agriculture, 478 F. 3d

14  985, 993-996 (9th Cir. 2007) (holding "class-of-one theory of equal protection is

15  inapplicable to decisions made by public employers with regard to their employees"); Lauth

16  v. McCollum, 424 F. 3d 634 (7th Cir. 2005) (holding "class-of-one" equal protection plaintiff

17  is one "who does not belong to any 'suspect' (that is, favored) class"); Doe v. Chandler, 83

18  F. 3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal protection analysis, the

19  disabled do not constitute a suspect class."); Sharer v. Oregon, 481 F. Supp. 2d 1156,

20  1162-63 (D. Ore. 2007) (holding, in light of Engquist, plaintiff could not proceed with equal

21  protection claim based on theory plaintiff was terminated by state on account of

22  discrimination based on disability).

23  c.  For the reasons stated by defendants, the First Cause of Action is subject

24  to dismissal to the extent it is based on a claim that plaintiff was deprived of substantive

25  due process.  Specifically, plaintiff has failed to allege any facts in support of such theory.

26  (See Order, filed June 11, 2007, at 2:6-14, 4:16 (holding conclusory allegations insufficient;

27  affording plaintiff leave to amend).)  Moreover, nothing in the TAC suggests defendants

28  engaged in the type of "extreme" conduct required to support such a claim.  See Engquist,

1    478 F. 3d at 997 (holding claim plaintiff was deprived of substantive right to employment

2    requires allegation government employer engaged in "extreme" conduct, such as putting

3    plaintiff on "government blacklist, which when circulated or otherwise publicized to

4    prospective employers effectively excludes the blacklisted person from his occupation").

5            d.  For the reasons stated by defendants, the First Cause of Action is subject

6    to dismissal to the extent it is based on a claim that plaintiff was deprived of procedural due

7    process.  Specifically, although plaintiff adequately alleges Avani did not provide plaintiff

8    with a hearing before demoting and terminating plaintiff, plaintiff fails to plead facts to

9    support his asserted conclusion that he has a property interest in continued government

10   employment.  (See Order, filed June 11, 2007, at 2:6-14, 4:16 (holding conclusory

11   allegations insufficient; affording plaintiff leave to amend).)

12       **2.  Second Cause of Action (42 U.S.C. § 1985)**

13       For the reasons stated by defendants, plaintiff has failed to state a claim of

14   conspiracy to violate his constitutional rights under § 1985; specifically, plaintiff has not

15   adequately alleged a violation of § 1983.

16       **3.  Third Cause of Action (29 U.S.C. § 794)**[1]

17           a.  For the reasons stated by Elk Grove Defendants, plaintiff has failed to

18   state a claim against EGUSD under § 794.  Specifically, plaintiff has failed to allege that

19   EGUSD was his employer, let alone to allege any facts to support any such assertion.

20   (See Order, filed June 11, 2007, at 3:16-19; 4:17-18 (noting said deficiency in pleading;

21   affording plaintiff leave to amend).)

22           b.  For the reasons stated by plaintiff, the Third Cause of Action is not subject

23   to dismissal as against CSU.  Although the TAC is not a model of clarity, the Court finds

24   plaintiff has sufficiently alleged he suffers from "anxiety and depression" that substantially

25   limit specified major activities, and that he was demoted and constructively terminated by

26   _____

27       [1]Although the TAC states the Third Cause of Action is brought against "all
     defendants," (see TAC at 22:6), plaintiff states in his opposition that "all defendants" is a
28   typographical error, and that he is not alleging such claim against Kaneko or Avani, (see
     Pl.'s Opp., filed August 3, 2007, at 7:16-18).

1  CSU because of such disability.  (See TAC ¶¶ 4, 43.)[2]

2                                  **CONCLUSION**

3      For the reasons stated above:

4          1.  Elk Grove Defendants' motion to dismiss is hereby GRANTED, and

5  plaintiff's claims against Elk Grove Defendants are hereby DISMISSED without further

6  leave to amend; and

7          2. CSU Defendants' motion to dismiss or, alternatively, for summary judgment

8  is hereby GRANTED in part and DENIED in part, as follows.

9              a.  The First and Second Causes of Action are hereby DISMISSED

10  without further leave to amend.

11              b.  In all other respects, the motion is DENIED.

12      **IT IS SO ORDERED.**

13

14  Dated:  August 21, 2007

15                                  _____
                                    MAXINE M. CHESNEY
                                    United States District Judge

16

17

18

19

20

21

22

23      [2]As CSU Defendants correctly note, plaintiff is required to prove his impairments are substantially limiting, see Toyota Motors Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184,
24  198 (2002) (holding plaintiff must "prove a disability" by "offering evidence" to show extent of limitation caused by impairment is "substantial"); plaintiff, however, is not required to identify evidence in his pleadings.  CSU Defendants also observe that plaintiff did not make
25  a disability discrimination claim until well after the termination of his employment; said observation, however, does not provide a basis to dismiss the claim at the pleading stage.
26  Finally, although plaintiff, in one sentence of ¶ 4 of the TAC, refers to his disability as "limit[ing]," rather than as "substantially limit[ing]," the Court does not find dismissal for the
27  sole purpose of affording plaintiff leave to amend to add the word "substantially" to the subject sentence is required, particularly given plaintiff's earlier use in the same paragraph
28  of the phrase "substantially limit."

                                        4